**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 8 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RICHARD D. COLLINS,

       Plaintiff-Appellant,

v.

ROBERT FURLONG; IRVING
JAQUEZ; LLOYD WAIDE; ENDRE
SAMU; JULIE JOFFE,

       Defendants-Appellees.

No. 99-1458
(D.C. No. 96-WM-487)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **EBEL** and **BRISCOE**, Circuit Judges.

Richard Collins is an inmate in a Colorado state prison. On September 2,

1995, he was attacked by James Pickle, another inmate, in a blind spot of the

prison yard nicknamed "the thunderdome." Collins received a laceration, a bruise,

and superficial abrasions on his face, and a fractured little finger. He and Pickle

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

were charged with fighting, and after being found guilty, Collins was given 20 days' punitive segregation, which was probated, and 30 days' loss of good time. Defendant Waide presented the case for the department of corrections and Defendant Samu was the hearing officer.

Collins brought this action under 42 U.S.C. § 1983. Only two issues remain in the case. First, Collins argues that the evidence at his hearing did not support the conviction for fighting.[1] The district court dismissed this part of the complaint under former 28 U.S.C. § 1915(d) as frivolous. Second, Collins argues that Defendants Furlong and Jaquez, the Warden and Assistant Warden of the correctional facility respectively, violated his Eighth Amendment rights by failing to protect him from the attack by Pickle. The district court granted summary judgment for the Defendants on this issue.[2]

## I. Sufficiency of the Evidence

We review a district court's decision to dismiss a complaint under former § 1915(d)[3] for abuse of discretion. See Green v. Seymour, 59 F.3d 1073, 1077

---

[1]In his briefs, Collins asserts that Defendants falsified evidence against him. Because this is not alleged in his complaint, we decline to address it. Cf. Scott v. Hern, 216 F.3d 897, 908 n.5 (10th Cir. 2000) (declining to review the merits of an issue not alleged in the complaint but raised in the appellate brief).

[2]The court also granted summary judgment to Defendants Waide and Joffe on this issue. Collins has not appealed this aspect of the ruling.

[3]This provision has since been amended and is now codified at

(10th Cir. 1995). "[T]he requirements of due process are satisfied if <u>some</u> evidence supports the decision by the prison disciplinary board to revoke good time credits." <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (citation and quotation marks omitted) (emphasis added). Here, Collin's complaint alleges that he "sought to defend himself" against Pickle and "attempt[ed] to hold" him. On the basis of this allegation, it was not an abuse of discretion for the district court to find that there was some evidence of fighting. Collins argues that uncontradicted evidence established that he was acting in self-defense. The prison's penal code provides that self-defense is an affirmative defense to the charge of fighting; however, the hearing officer was entitled to disbelieve all of the evidence establishing it. <u>Cf.</u> <u>United States v. 121 Allen Place</u>, 75 F.3d 118, 121 (2d Cir. 1996) (noting that "assessment of the credibility of witnesses is peculiarly within the province of the trier of fact" who is "entitled to credit or disbelieve any or all of [one side's] testimony").[4] We therefore AFFIRM the district court's dismissal of this issue.

_____

[3](...continued)
§ 1915(e)(2).

[4]We see no reason to believe that Waide's alleged stipulation that Pickle started the fight could itself establish self-defense. Self-defense generally also requires that the defender believes use of force is necessary. <u>See, e.g.</u>, Model Penal Code § 3.04(1).

## II. Eighth Amendment Claim

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 528 U.S. 815, 120 S. Ct. 53, 146 L. Ed. 2d 46 (1999). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (alteration omitted). To prove a violation of the Eighth Amendment, Collins must show that (1) prison conditions posed a substantial risk of serious harm and (2) officials knew of and disregarded this risk. See id. at 834, 837.

Affidavits of inmates submitted by Collins establish that "thunderdome" was a dangerous location, the site of at least three to four violent attacks each month. At least one of these attacks resulted in a near fatality. The question, therefore, is whether Furlong and Jaquez actually knew of this risk. In its order granting summary judgment, the district court found evidence that they did, and Defendants have not challenged this. Reviewing the issue de novo, we agree Collins has presented evidence that Defendants actually knew of the risk. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. Defendants

admitted that the area "has been the site of several incidents" since the prison was opened. In addition, several affidavits note that prison officials were aware of the assaults in the area and its nickname.

The district court granted summary judgment because there was no evidence that Defendants were aware of a specific threat to Collins from Pickle. However, a prison official may not escape liability

> by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. . . . [I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

Farmer, 511 U.S. at 843. Accordingly, we REVERSE the district court's grant of summary judgment on the Eighth Amendment issue and REMAND for further proceedings.

                                   ENTERED FOR THE COURT


                                   David M. Ebel
                                   Circuit Judge